IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| **SHIIKEEM JORDAN FORD,** | \* |
| *Plaintiff*, | \* |
| v. | \* |
| **FORD MOTOR COMPANY,** | \*   Civil Action No.: |
| Serve: C T CORPORATION SYSTEM | \* |
| 4701 Cox Road, Suite 285 | \* |
| Glen Allen, VA 23060 | \* |
| **ASBURY STERLING F, LLC d/b/a** | \* |
| **KOONS FORD STERLING,** | \* |
| <u>Serve:</u> Corporation Service Company | \* |
| Registered Agent | \* |
| 100 Shockoe Slip, Fl 2 | \* |
| Richmond, VA 23219 | \* |
| and | \* |
| **ERKAN "RICK" ALTUNKAYA,** | \* |
| Koons Ford Sterling | \* |
| 46869 Leesburg Pike | \* |
| Sterling, VA 20164 | \* |
| *Defendants*. | \* |

## COMPLAINT

NOW into Court, through undersigned counsel, comes the Plaintiff, Shiikeem Jordan Ford, and moves the Court for judgment against Defendants Ford Motor Company, Asbury Sterling F, LLC d/b/a/ Koons Ford Sterling, Erkan "Rick" Altunkaya on the basis of the following facts and law:

## JURISDICTION

1. This Honorable Court has Diversity Jurisdiction of this civil action pursuant to 28 U.S. Code §1332, Plaintiff is a citizen of Baltimore, MD, Defendant Ford Motor Company is a corporation organized under the laws of Delaware with a principal place of business in Dearborn, Michigan, Defendant Asbury Sterling F, LLC d/b/a/ Koons Ford Sterling is a corporation organized under the laws of Delaware with a principal place of business at Duluth, Georgia and Defendant Erkan "Rick" Altunkaya is a citizen of Virginia. The amount in controversy exceeds $75,000.00.

## VENUE

2. Venue in this Honorable Court is proper pursuant to 28 U.S. Code §1391 as this Judicial District is where a substantial part of the events and/or omissions giving rise to the claim occurred. Venue in the Alexandria Division is proper pursuant to Local Civil Rule 3 because this is where a substantial part of the events and/or omissions giving rise to the claims occurred.

## FACTS

4. At all times pertinent hereto Defendant Ford Motor Company offered and ran a Ford Blue Warranty Program as part of the Ford Blue Advantage Program for used vehicles. Under this program, used vehicles underwent a 139-point inspection by Ford-certified technicians. If the vehicle passes the inspection, a 90-day, 4000-mile warranty is given by Ford Motor Company covering the vehicle. By operation of law the warranty includeds the implied warranty of merchantability. At all times pertinent hereto Defendant Koons Ford Sterling and Defendant Erkan "Rick" Altunkaya were operating as agents for Ford Motor Company in regard to selling

the Subject Vehicle, a used 2019 Honda Odyssey Minivan. At all times pertinent hereto, Defendants Koons Ford Sterling and Defendant Erkan "Rick" Altunkaya were acting within the scope and course of their agency with and for Ford Motor Company.

5. On or about December 15, 2024, the Plaintiff travelled to Defendant Asbury Sterling F, LLC d/b/a/ Koons Ford Sterling (hereinafter "Koons") to inquire about the purchase of a used 2019 Honda Odyssey minivan, VIN 5FNRL6H20KB046424 which he had seen in an advertisement.

6. In discussing the vehicle, it became apparent to the Plaintiff that the Subject Vehicle may have been a rental car. The Plaintiff told Mr. Altunkaya he did not want to buy a used rental vehicle.

7. Defendant Erkan "Rick" Altunkaya (hereinafter "Altunkaya") told the Plaintiff this vehicle was not used as a rental vehicle and gave the Plaintiff a Carfax that stated the Subject Vehicle had been used as a personal vehicle.

8. Due to the representations of Defendant Altunkaya, acting in the course and scope of his employment with the Defendant Koons Ford Sterling, and acting as an agent of Ford Motor Company, the Plaintiff followed through with the purchase of the Subject Vehicle. During the purchase of the Subject Vehicle, Plaintiff was given two separate Vehicle Disclosures indicating the Subject Vehicle was not previously used as a Customer Service Loaner Vehicle, Short Term Rental, Taxicab, MD, VA, DE Motor Vehicle Enforcement Warranty (Lemon Law) or Virginia Lease Purchase Agreement Act, for Driver Training, the Vehicle Had Not Been Repossessed, nor

was it an Executive Driven Vehicle, Public or Governmental Use, or Other Non-consumer Use.

9. The purchase of the Subject Vehicle came with a "*Ford Blue Advantage Money Back Guarantee*". This document stated:

> "*We are committed to your satisfaction and as demonstration of this commitment, we are offering you the Ford Blue Advantage Money Back Guarantee, which will allow you to return your Ford Blue Advantage Certified vehicle within the first 14 days or 1000 miles from the sales date and mileage outlined on your bill of sale (whichever comes first)…*"
>
> "*As part of the Ford Blue Advantage Certification Program your vehicle comes with a 14 day or 1000 mile money back guarantee (whichever comes first). You can return the Ford Blue Advantage Certified Vehicles that was purchased to the Dealer you purchased the vehicle from within the first 14 days or 1000 miles (which comes first) from the original sales date and vehicle mileage as stated on your bill of sale.*"

By operation of law, the vehicle came with an implied warranty of merchantability.

10. Plaintiff also received a warranty and exchange policy from Koons. The warranty stated "*Koons Sterling Ford provides a complimentary 30 day or 1000 mile warranty on qualifying vehicles. This warranty covers 50% of parts and labor for powertrain components.*" By operation of law, the vehicle came with an implied warranty of merchantability that the vehicle would pass without objection in the trade under the contract description, and the vehicle was fit for the ordinary purposes for which such goods are used. Defendant Koons also provided a *"7 day exchange policy for another pre-owned vehicle in our inventory if you in any way are not happy with your purchase*."

11. At all times pertinent hereto the Defendant Altunkaya and Defendant Koons were acting as the warranty agent for Ford Motor Company.

12. After the purchase of the Subject Vehicle, Plaintiff found receipts in the glove box compartment from Dollar Rental Car, which is a part of Hertz Rental Cars.

13. Due to the discovery of the Dollar Rental Car receipts, Plaintiff paid for a "*Been Verified*" vehicle search and discovered the Defendant, Asbury Sterling F, LLC d/b/a Koons Ford Sterling purchased the Subject Vehicle from "*Hertzcarsales.com*".

14. Plaintiff travelled to the Koons dealership from his home in Maryland multiple times to exercise the "*Ford Blue 14 day or 1000 mile*" money back guarantee and/or the 7-day exchange policy. The Defendant Altunkaya and other Koons employees and managers refused to help him and refused to honor the Ford Blue money back guarantee or the 7 day exchange policy.

**COUNT I - VIOLATION OF THE VIRGINIA CONSUMER PROTECTION ACT (VCPA) UNDER VIRGINIA CODE SECTION 59.1-196, *et seq.***

15. The Defendants violated Va. Code §59.1-200(A)(2)(3)(5)(6) and (14) by telling Mr. Ford the vehicle he was interested in had not been a rental vehicle when, in fact it had been a rental vehicle and the Defendant Asbury Sterling F, LLC, d/b/a Koons Ford Sterling and Erkan "Rick" Altunkaya knew, the vehicle was acquired from "Hertzcarsales.com". These violations were willful violations justifying under law the imposition of treble damages pursuant to Va. Code §59.1-204. Furthermore, the Defendants violated Va. Code §59.1-200(A)(8) by advertising goods or services with the intent not to sell upon the terms advertised.

16. As a proximate and direct result of the Defendant's individual and combined violations of the Virginia Consumer Protection Act, the Plaintiff was wrongfully induced to buy the Subject Vehicle. But for the violations of the Consumer Protection Act, the Plaintiff would not have bought the vehicle. The Plaintiff was damaged in the amount of the sale price of the Subject Vehicle, plus all incidental and consequential damages incurred in maintaining the Subject Vehicle until a rescission is ordered by the Court. See, Va. Code §59.1-204 and §59.1-205. Furthermore, the Defendant's Virginia Consumer Protection Act violations were willful, intentional violations justifying an award of treble or triple damages pursuant to Va. Code § 59.1-204(A). The Plaintiff is also entitled to recover reasonable attorney fees in the amount of $750.00 per hour, or one-third of any amount recovered, whichever of the two is greater.

## COUNT II – ACTUAL FRAUD

17. Paragraphs 1-16 are re-pled herein by reference.

18. The Defendant, through and by its agents and employees, have committed actual fraud by:

    a. Intentionally obfuscating and misleading the Plaintiff, by stating orally and in writing, that the Subject Vehicle was not previously a rental vehicle even though it was and they bought it from "*Hertzcarsales.com*".

    b. Intentionally giving the Used Vehicle Disclosure which stated that the Subject Vehicle had not previously been used for Customer Service Loaner Vehicle, Short Term Rental, Taxicab, MD, VA, DE Motor Vehicle Enforcement Warranty (Lemon Law) or Virginia Lease Purchase

    Agreement Act, Driver Training, This Vehicle Has Been Repossessed, Executive Driven Vehicle, Public or Governmental Use, Other Non-consumer Use, when in fact, the vehicle had been used as a rental car.

c. All of the misrepresentations described herein were of material facts that, if the truth had been known, would have, and in fact did, affect the Plaintiff's decision to purchase and/or reject the vehicle;

d. All of the misrepresentations described herein, and the concealment of material facts, were made by the Defendants and their agents intentionally and knowingly with an intent to mislead the Plaintiff;

e. The Plaintiff relied on Defendants and its agents' false representations when determining whether or not to purchase or to reject the vehicle.

f. Under the law of Virginia as stated in Wilson v. Carpenter's Adm'r, 91 Va. 183 (1895), once fraud is established, the law does not require the Plaintiff to show reliance. Wilson, 91 Va. at 190. Instead, the burden shifts to the Defendant to show by the most satisfactory of evidence that "*either that the buyer had knowledge of facts which showed the representation to be untrue, or that he expressly stated in terms, or showed by his contract, that he did not rely upon the representation, but acted upon his own judgment.*" Id. Defendants cannot make that showing in this cause of action; and

g. As a result of each false representation stated above, there is damage and injury to the Plaintiff in the amount of the purchase price of the vehicle and incidental costs thereto.

19. The Plaintiff seeks a judgment award in the amount of the sale price of the vehicle in the amount of $20,000.00, a processing fee in the amount of $995.00, tax in the amount of $1,259.70, the price of the extended service contract, license plates of $513.00, the purchaser's online filing fee in the amount of $12.60, the dealer's business license tax of $34.00, plus all interest payments to date, as well as incidental costs and expenses including attorney's fees at the rate of $750.00 per hour or 1/3 of whatever is recovered, whichever is greater. The Plaintiff also seeks $350,000 in punitive damages for intentional and willful fraud.

### COUNT III – CONSTRUCTIVE FRAUD

20. The allegations of paragraphs 1-19 are incorporated herein by reference.

21. Defendant, by and through its employees, has committed constructive fraud by:

    h. Misleading the Plaintiff that the Subject Vehicle was not previously used as Customer Service Loaner Vehicle, Short Term Rental, Taxicab, MD, VA, DE Motor Vehicle Enforcement Warranty (Lemon Law) or Virginia Lease Purchase Agreement Act, Driver Training, This Vehicle Has Been Repossessed, Executive Driven Vehicle, Public or Governmental Use, Other Non-consumer Use, when in fact it had been used as a rental car;;

    i. By misleading the Plaintiff by giving the contractual documents pertaining to this sale to the Plaintiff at the time of delivery. The Used Vehicle Disclosure state that the Subject Vehicle was not previously used as Customer Service Loaner Vehicle, Short Term Rental, Taxicab, MD, VA, DE Motor Vehicle Enforcement Warranty (Lemon Law) or Virginia Lease Purchase Agreement Act, Driver Training, This Vehicle Has Been

Repossessed, Executive Driven Vehicle, Public or Governmental Use, Other Non-consumer Use,

j. All of the misrepresentations described herein were of material facts that, if the truth had been known, would have affected the Plaintiff's decision to purchase and/or reject the vehicle, and these misrepresentations did affect his decision;

k. All of the misrepresentations and concealment of material facts were made by Defendant's employees innocently or negligently;

l. Plaintiff relied on Defendant's employees' false representations when determining whether or not to purchase and/or reject the vehicle;

m. Under the law of Virginia, as stated in Wilson v. Carpenter's Adm'r, 91 Va. 183 (1895) once fraud is established, the law does not require the Plaintiff to show reliance. Wilson, 91 Va. at 190. Instead, the burden shifts to the Defendant to show by the most satisfactory of evidence that "*either that the buyer had knowledge of facts which showed the representation to be untrue, or that he expressly stated in terms, or showed by his contract, that he did not rely upon the representation, but acted upon his own judgment*." Id. Defendants cannot make that showing in this cause of action; and

n. As a result of each false representation stated above, there is damage and injury to the Plaintiff in the amount of the purchase price of the vehicle $20,000.00, a processing fee in the amount of $995.00, tax in the amount of $1,259.70, the price of the extended service contract, license plates of $513.00, the purchaser's online filing fee in the amount of $12.60, the

dealer's business license tax of $34.00, plus all interest payments to date, as well as incidental costs and expenses including attorney's fees at the rate of $750.00 per hour or 1/3 of whatever is recovered, whichever is greater.

## COUNT IV – REVOCATION OF ACCEPTANCE UNDER VIRGINIA CODE SECTION 8.2-608

22. Paragraphs 1-21 are re-pled herein by reference.

23. Virginia Code §8.2-608 provides that:

    *(1) The buyer may revoke his acceptance of a lot or commercial unit whose non-conformity substantially impairs its value to him if he has accepted it*

    *(a) on the reasonable assumption that its nonconformity would be cured and it has not been seasonably cured; or*

    *(b) without discovery of such nonconformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.*

    *(2) Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.*

    *(3) A buyer who so revokes has the same rights and duties with regard to the goods involved as if he had rejected them.*

24. The facts pled above establish that the Plaintiff is entitled to a revocation of acceptance under Va. Code § 8.2-608. The Plaintiff accepted the vehicle on the reasonable belief that the Subject Vehicle was not previously a rental vehicle.

25. The Plaintiff is maintaining the vehicle consistent with the law of revocation of acceptance.

26. The Plaintiff seeks in damages for the revocation of acceptance, the sale price of the vehicle in the amount of $20,000.00, a processing fee in the amount of $995.00, tax in the amount of $1,259.70, the price of the extended service contract, license plates of $513.00, the purchaser's online filing fee in the amount of $12.60, the dealer's business license tax of $34.00, plus all interest payments to date, plus attorney fees and court costs.

### COUNT V – VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT
### (15. S.C. §2301, *et seq.*)

27. Paragraphs 1-26 are re-pled herein by reference.

28. The Plaintiff is a consumer as defined in 15 U.S.C. §2301(3). The Defendants are both a supplier and warrantor as defined in 15 U.S.C. §2301(4), (5). The vehicle came with a written warranty as defined in 15 U.S.C. §2301(6)(B), as well as an implied warranty as defined in 15 U.S.C. §2301(7). By operation of law the Defendant provided the Plaintiff with an implied warranty of merchantability (Va. Code §8.2-314) and an implied warranty of fitness for a particular purpose.

29. A vehicle that is warranted to not have been used previously as rental vehicle, which actually was previously used as a rental vehicle, is not fit for its intended purpose, nor will it pass without objection in the trade.

30. These warranties have failed in their essential purpose and the Defendant cannot repair the defects and the Defendant refuses to replace the vehicle or refund the Plaintiff money.

31. As a proximate result of the Defendant's violation of the Magnuson-Moss Warranty Act and breach of its warranties, the Plaintiff has been damaged for which the Defendant is liable. See, 15 U.S.C. §§2304(a) and 2310(d).

32. The Plaintiff seeks a judgment award in the amount of the sale price of the vehicle in the amount of $20,000.00, a processing fee in the amount of $995.00, tax in the amount of $1,259.70, the price of the extended service contract, license plates of $513.00, the purchaser's online filing fee in the amount of $12.60, the dealer's business license tax of $34.00, plus all interest payments to date, incidental costs and expenses including attorney's fees at the rate of $750.00 per hour or 1/3 of whatever is received, whichever is greater. See, 15 U.S.C. §2310(d)(2).

## **COUNT V – RESCISSION**

33. Paragraphs 1-31 are re-pled herein by reference.

34. The facts pled above establish that the Plaintiff is entitled to the equitable remedy of rescission requiring the Defendant to refund to the Plaintiff the (1) full contract price; (2) all collateral charges, including but not limited to sales tax, license, and registration fees; and (3) all finance charges incurred by the Plaintiff.

35. The equitable remedy of rescission is allowed when there is a failure of consideration. See, Andrews v. Sams, 233 VA 55, 59 (1987); see also, Bolling v. King Coal Theatres, 185 VA. 991, 997 (1947); Neely v. White, 177 VA 358, 366-67 (1941); Southeast Lumbar Co. v. Friend, 158 VA 863,869 (1932). See also, Va Code §59.1-205.

WHEREFORE the Plaintiff moves this Honorable Court for judgment against Defendant Asbury Sterling F, LLC d/b/a/ Koons Ford Sterling, Erkan "Rick" Altunkaya and

Ford Motor Company in the amount of the purchase price of the vehicle of 20,000.00, a processing fee in the amount of $995.00, tax in the amount of $1,259.70, the price of the extended service contract, license plates of $513.00, the purchaser's online filing fee in the amount of $12.60, the dealer's business license tax of $34.00, plus all interest payments to date, as well as incidental costs and expenses, treble damages for willful violation of the Virginia Consumer Protection Act, punitive damages in the amount of $350,000 for actual fraud and attorney's fees at the rate of $750.00 per hour or 1/3 of whatever is recovered, whichever is greater.

Respectfully Submitted,

**SHIIKEEM FORD**

By: /s/ James B. Feinman
     Of Counsel

James B. Feinman, Esq., (VSB # 28521)
James B. Feinman & Associates
P.O. Box 697
Lynchburg, VA 24505
(434) 846-7603 - phone
(434) 846-0158 - fax
jb@jfeinman.com
*Counsel for Plaintiff*